826 F.2d 1061
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James E.M. SPENCER, Plaintiff-Appellant,
v.
Royce L. RHODES, Sheriff; Doug Sawyer; Tommy Everett;
Wayne Beasley; Jude Watts; Griffins, District Attorney,
Jessie Spencer, Clerk of Court; North Carolina Parole
Commission, Defendants-Appellees.
James E.M. SPENCER, Plaintiff-Appellant,
v.
NORTON, District Attorney; Royce L. Rhodes, Ex-sheriff;
Judge Ward; Judge Hardison; Deputy Bell; Deputy
Hembright; County Magistrate Mitchell,
Defendants-Appellees.
 Nos. 87-7556, 87-6075.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 18, 1987.
Decided Aug. 6, 1987.
 
 James E.M. Spencer, appellant pro se.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James E.M. Spencer, a North Carolina inmate, appeals from district court orders in two of his 42 U.S.C. Sec. 1983 actions.
 
 I.
 
 2
 On 3 December 1986, Spencer filed a confusing and conclusory six-page complaint alleging that between 21 May 1983 and 16 September 1986 various individuals acted under color of state law to violate his rights and to destroy his marriage. Spencer sought as damages approximately $2.25 billion and various forms of injunctive relief.
 
 
 3
 When Judge Larkins ordered Spencer to submit a clear and concise statement of his claims as required by Fed. R. Civ. P. 8, Spencer filed a ten-page "supplemental complaint" re-alleging his conclusions and further confusing his claims. Judge Larkins considered this supplemental complaint and dismissed Spencer's suit on 23 March 1987 for failure to comply with his prior order, pursuant to Fed. R. Civ. P. 41(b).
 
 
 4
 We find no abuse of discretion in Judge Larkins's decision to dismiss the complaint in No. 87-7556. The court gave Spencer, a pro se litigant, an opportunity to particularize his claims. Instead of complying with this order, Spencer chose to lengthen and further confuse his already fatally deficient complaint. The suit was properly dismissed for failure to comply with Fed. R. Civ. P. 8 and the district court's prior order.
 
 II.
 
 5
 Just nine days after Judge Larkins's dismissal of Spencer's suit, on 1 April 1987, Spencer filed a six-page complaint which came before Judge Britt. This confusing and conclusory six-page document again alleged that between 21 May 1983 and 16 September 1986 various individuals acted under color of state law to violate Spencer's rights and to destroy his marriage.
 
 
 6
 Judge Britt dismissed Spencer's claims pertaining to the destruction of Spencer's marriage as "frivolous" under 28 U.S.C. Sec. 1915(d) and indefinitely continued the cause as to Spencer's claims challenging the validity of his convictions pending Spencer's exhaustion of his state remedies. 28 U.S.C. Sec. 2254; see Hamlin v. Warren, 664 F.2d 29, 32 (4th Cir.), cert. denied, 455 U.S. 911 (1982). Spencer appeals.
 
 
 7
 We find no error in Judge Britt's disposition of Spencer's claims.
 
 
 8
 We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and argument would not significantly aid the decisional process. Fed. R. App. P. 34(a). Spencer's motion for appointment of counsel is denied.
 
 
 9
 No. 87-7556, AFFIRMED.
 
 
 10
 No. 87-6075, AFFIRMED.